13-5629 Phaedra Spradlin v. Barry Richard, Phaedra Spradlin v. Pikeville Energy Group Good morning. May it please the court, my name is Michael Gartland and I appear for Phaedra Spradlin under capacity as the trustee, Chapter 7 of Alma Energy and THC Kentucky Coal Venture 1. I'd like to reserve five minutes for rebuttal. All of their interests are the same? They're aligned. Well, in fact, if we wanted to get into the underlying lawsuit, we acquired claims from the Chapter 7 trustee. So our claims were her claims at some point. They were assigned to us as part of a settlement. She's out of the case now? Correct. She's a named plaintiff, but I don't report. She has no interest in the case? She has no interest in the outcome of the case in terms of THC Kentucky Coal Venture 1 LLC, the entity that acquired the claims in connection with a half million dollar settlement. Your Honors, I know that you've all read our brief, and I think our brief... Well, it's a very confusing case, and the history of the case is very confusing, but we wanted oral argument basically for three reasons, and I'll address the cross-appeal first. There's an appeal of the sanctions... as one issue, and the other issue is whether the bankruptcy court erred when it refused to extend the time to file some items. Are those really, in spite of all the briefing and such, are those really the only two issues before us this morning on appeal? And then there's a third order, the district court's refusal to grant our motion to dismiss based on the failure of the appellees to timely file the record designation and the statement of issues. Okay, and those things really, that's really the only thing that's before us, so all these other issues that have been litigated, that's not really what's on appeal here. The two items I mentioned and the item you mentioned, right? That's correct. Okay. We thought it was necessary to lay out the background of this tortured and twisted case to get us to the point where we are today. Which is why I think all of us here are having a little trouble figuring it out. So you mentioned the refusal to grant your motion to dismiss. By the district court. By the district court. So what did you want to dismiss? The appeal of the order of the bankruptcy court dismissing Pikeville Energy's first amended cross-claims. Those were dismissed. The bankruptcy court dismissed Pikeville's cross- First amended cross-claims. What did they say? The court said What is the issue about that? The underlying dismissal of the cross-claims, they failed to state a claim upon which relief could be granted. And didn't the district court affirm that? No, it reversed that. What happened was the dismissal of the cross-claims occurred. By the bankruptcy. Right. Two years later, the case gets dismissed. So now they can appeal that. The case meaning what case? The adversary proceeding. Okay. Which is nothing more than a civil action in a bankruptcy case. Right. So the adversary proceeding in which the cross-claims are part of, right? Was dismissed. Was dismissed completely. The whole adversary action. For lack of subject matter jurisdiction. Including the cross-claims. Well, they had been dismissed two years earlier, but now it's right to do an appeal of that. You can't dismiss- But if you've dismissed the adversary action for lack of subject matter jurisdiction, how can the cross-claims exist? They had already been dismissed out of the case. I don't care whether they were already dismissed. If you're dismissing the adversary action, saying there's no subject matter jurisdiction, how can there be cross-claims? The cross-claims had been inserted years earlier. I understand they were inserted earlier. Can cross-claims exist independent of the primary claims that are the cause of the adversary action? No. Right. So when the district judge affirms the bankruptcy court's holding that the adversary proceeding must be dismissed because of lack of subject matter jurisdiction, why aren't the cross-claims automatically dismissed as part of that holding? That's not the way it works. That's not my understanding of the way it works, but they appealed the cross-claim dismissal. Yeah, but they're appealing the dismissal of the cross-claims on a different basis. Right. But if the bankruptcy court doesn't have subject matter jurisdiction, how can the bankruptcy court be deciding cross-claims? They had been decided and dismissed earlier, years earlier, two years. You're giving me that answer consistently, but I'll say that the problem that I'm having is if the bankruptcy court doesn't have jurisdiction over the adversary proceeding, there's nothing for the district court to remand to the bankruptcy court on, unless there's some arcane area of bankruptcy law that people can bring cross-claims and have independent subject matter jurisdiction. So let's get back to the question. The reason for there not being subject matter jurisdiction over the adversary action is because it's not a core matter, right? No, it's because of the complete assignment of the claims by the trustee to my client, THC. Therefore, the estate no longer had an interest in the outcome of the lawsuit, and under 28 U.S.C. 1334B, there's no jurisdiction anymore.  So the estate doesn't have an interest in the claims that the estate made? Correct. And then the cross-claims involve? Claims against THC and others other than the estate. But there would still be the question, why would a bankruptcy court be interested in those now? Well, the court would have jurisdiction of those claims. Why? Because at the time they were asserted, the estate had an interest in the lawsuit. And so the bankruptcy court would then be deciding issues having to do with entities that are not involved in the bankruptcy at all? It happens all the time. Even though the bankruptcy case is gone? When you say the bankruptcy case, do you mean the underlying proceeding? I assume it's the adversary proceeding that's gone. Well, there's two things. You have a chapter under Title 11, either 7, 13, 12, 9. It doesn't matter. Here we were in Chapter 7, and then you have a lawsuit within that case. That's the adversary proceeding. And they're the ones that appealed the dismissal of the cross-claims. And the reason we're here is because of their failure to file a record designation. The case was dismissed for lack of subject matter of jurisdiction. We appealed that and ultimately lost. You appealed to the district court. Yes, and we lost. You lost and you haven't appealed it to us. Correct. So that's done. That is done. So you concede that there is no jurisdiction. We didn't take an appeal to this court. Correct. There was no jurisdiction. Can you say that somehow, even if there is no jurisdiction, that we have jurisdiction to adjudicate the previous rulings in the case before it was decided that jurisdiction was absent? That is correct. Because they appealed. Do you have some statutory or case law that supports the idea that when a district court or a bankruptcy court is without jurisdiction to adjudicate an issue, which is governed by state law and so on, like this one is, that you can go back, despite the fact that the adjudicating court lacks jurisdiction over the suit, to decide that issues before jurisdiction was lost can be decided? I think you can. Why do you base that on? Because at the time, the dismissal order was interlocutory. It became a final order. It could be appealed upon dismissal of the case two years later. Both parties appealed the dismissal of the case. They appealed the cross claims. It was still a live issue. It was a live issue up until the district court, December 26, 2012, said lack of subject matter jurisdiction. But at that point, their appeal was a live appeal, alive and well, except they hadn't filed a record designation and a statement of issues on appeal. Okay. I see why I don't understand it, because there's no other area of the law I know of where you could do that. Bankruptcy is a—I've been practicing bankruptcy and general litigation and commercial litigation for 25 years. It's a strange animal. But we're here today on two issues, and I wanted to address the sanctions issue first. We wanted oral argument because we wanted the cross apologies to come to this court and explain to the court why they are challenging a sanctions order. When they admitted on the record in front of the district court an oral argument, when he said, I need a record to find, it's clearly erroneous, the sanctions order, and they said, and the record does not exist. So there's no way they can challenge the factual findings of the bankruptcy court, sanctioning them. Then their only other argument is the court was without jurisdiction. The bankruptcy court was without jurisdiction to sanction once it dismissed the case. Well, the United States Supreme Court in this court, in Red Studios, Red Carpet Studios, has told us that argument fails. Cooter and Gell was a dismissal of the case. Sanctions brought after dismissal under rule 11 in the Supreme Court said that is not a problem. This is like, this is similar in the usual or maybe a more usual litigation setting where a case gets dismissed in, say, in federal court or in federal district court, and a party brings a motion for sanctions under rule 11, and even though the case is gone or dismissed, the court still has jurisdiction to adjudicate the sanctions issue that arose during the litigation prior to the dismissal. Is that the kind of situation you're saying we have? That's exactly the situation we have here, which is Cooter and Gell versus Hartmarks, which is exactly what happened in that case. And the Supreme Court said, of course, because the issue doesn't go to any cause of action. It goes to a collateral matter, and the court's always retained jurisdiction to sanction parties on collateral issues. Thank you. Oh, sorry. Just one thing, though. The issue to decide that is we're looking at abuse of discretion. As to the sanctions. In the sanctions award. That's correct. Okay. Thank you. May it please the court, Mr. Gartland. I'm Joe Childers, representing the Appalese and Cross Appellants. I have reserved two minutes for serve rebuttal. I want to start with the questions that the court had, Judge Merritt had at the beginning of Mr. Gartland's argument, which is why the court would have had subject matter jurisdiction to address cross claims when it didn't have subject matter jurisdiction to address the case as a whole. And you're completely correct on that. We appealed the dismissal of the cross claims, which had happened two years before the dismissal of the case as a whole, out of an abundance of caution. And the cross claims were by whom against whom? They were by Pikeville Energy against THC, Mr. Gartland's clients. They were dismissed for failure to state a claim two years before the court ultimately dismissed the entire case for lack of subject matter jurisdiction. So we appealed that out of an abundance of caution. Those claims have been dismissed based on subject matter jurisdiction instead of failure to state a claim? It ultimately was on our motion to dismiss for lack of subject matter jurisdiction. Two years prior to that, the court had dismissed these cross claims. We were simply appealing that dismissal of the cross claims so there wouldn't be any prior collateral effect on later proceedings in state court, for example. So really, you don't even have to get to the question of whether we were late in designating the record if you assume that the court never had subject matter jurisdiction to dismiss the cross claims in the beginning. And why is it that the bankruptcy court and then the district court dismissed for lack of subject matter jurisdiction? What was the essence of the subject matter jurisdiction problem? The question here, it was all state law claims. They were all state tort law claims, not related to the underlying bankruptcy claim. When THC, Kentucky Coal Venture, purchased the trustees' claims, and in that settlement agreement, the settlement agreement provided that the trustee would have no benefit whatsoever if they prevailed in the adversary case, all the money would go to the private venture. Is it correct to say that once the bankrupt estate's claims under state law were conveyed to a third party, that the bankruptcy court, as found in this case, no longer had jurisdiction because the state law claims no longer related to anything having to do with bankruptcy? Exactly. And the bankruptcy court held that, the district court affirmed that, and they did not appeal that. And does that holding then pertain to the cross claims too? It does. It does. The entire case, in other words, the cross claims were brought at a time when the court did not have subject matter jurisdiction. The bankruptcy court ultimately held that, the district court affirmed that. We simply appealed that dismissal of the cross claims out of an abundance of caution. We were two days late in designating the record on that appeal of the cross claims, and those issues are before the court. Is there a lawsuit going on in state court? We do, Your Honor, and it's still pending. All those claims are litigating now in state court. If your theory is correct, which obviously is the theory that my questions were geared to address vis-a-vis your opponent, why did the district judge do what he did, which is to send the cross claims back? He did not send the cross claims back. He didn't? No, Your Honor. What he did was he reversed the bankruptcy court, which didn't allow us to file our designation of the issues and record two days late. He said that the bankruptcy court had abused its discretion in not permitting that late filing. By doing that, then he got to the next question, which is whether or not our appeal of the cross claims was legitimate, and he found, in fact, that there was no subject matter jurisdiction, so therefore it was wrong of the bankruptcy court to dismiss those cross claims. In other words, what he was saying— It was wrong of the bankruptcy court to dismiss the cross claims? Or to entertain the cross claims or the motion to dismiss the cross claims due to lack of subject matter jurisdiction. Okay, but you failed to file this appeal in a timely way. No, we filed the notice of appeal timely. Sorry, you failed to file your designation of items to be included in the record timely, and then the bankruptcy court then didn't allow you to go forward on that appeal, right? Well, the bankruptcy court simply said it would not allow us to late file. Then it went to the district court, and the district court—we appealed that issue to the district court. The district court addressed that, said the bankruptcy court had abused its discretion in that. And what did the bankruptcy court send back then? The bankruptcy court? Sorry, what did the district court send back? The district court didn't send anything back. The district court held that there was no subject matter jurisdiction, that it was wrong for the bankruptcy court to entertain the motion to dismiss the cross appeals when it did because there was no jurisdiction, and the only thing that it affirmed was the sanctions. Just because you couldn't get an extension to file the designation of items doesn't mean that the appeal needed to be dismissed. Was the appeal dismissed or just the designation of items not permitted to be filed? It's very confusing, Judge Clay. They argued that because we didn't designate the issues timely, we couldn't even raise the issue of whether the bankruptcy court should have addressed those cross claims two years earlier. The judge ultimately found that it didn't make any difference because there was no subject matter jurisdiction. Why did the judge say the plaintiff's motion to dismiss is denied? And I thought that that was being appealed. Yes, they appealed that. That's correct. The judge did say that the plaintiff's motion to dismiss— what the judge was addressing there was the dismissal. They were trying to have the order dismissing the cross claims. Basically, they were saying that that should still be a viable order, even though the court didn't have subject matter jurisdiction. The court said, no, I'm not going to dismiss— We said, no, it's lack of subject matter jurisdiction. It's analogous to a situation in a federal district court action that a motion to dismiss the complaint on pleading grounds that it's not sufficient is— the motion is overruled, let us say. And then later the court finds that it lacks subject matter jurisdiction. The court would not revisit its earlier ruling. It's analogous to that situation. It's exactly analogous. In fact, once the court determined it had subject matter jurisdiction, all of its prior orders were without validity. I never got any of that from reading these briefs, but I thought maybe just because I don't know that much about bankruptcy, but it's a fairly simple problem. It has nothing to do with bankruptcy law. It's subject matter jurisdiction under federal law. I truly do not understand, then, why we care about whether there's excusable neglect in missing the deadline or why we care whether the district court properly denied the plaintiff's motion to dismiss. You really shouldn't. Well, why did we have all the briefing on it? Well, we had to respond to the briefing that the appellants made, and the reason we did that was because we were concerned that you would address it. But the court never had subject matter jurisdiction. Okay. From your perspective, what issues do you think we need to decide? The sanctions issue. The sanctions issue. Is there any other issue that you think we need to decide? I think you need to affirm the district court simply on those other matters. Why? If there's no subject matter jurisdiction, we can't do that? We don't have jurisdiction to affirm them, do we? Well, the district court— Do we have jurisdiction to go back and resurrect the case about which there is no jurisdiction and decide some of the questions in that case? And when it wasn't even appealed to us. I think what you need to do is clarify. I think the district court addressed all of these issues perhaps when it needed not do so. And I think what this court should do on those issues is to say there was never subject matter jurisdiction in the first place, nothing that the bankruptcy court did was valid as a result because they didn't have subject matter jurisdiction, and therefore none of the prior orders dismissing or anything else have any continuing validity. They don't affect anything. But we don't have a briefing on the topic of subject matter jurisdiction because that wasn't appealed. It wasn't appealed. So normally we wouldn't decide something on subject matter jurisdiction when it's a typical case, apart from bankruptcy, is something that we address sua sponte. But it is interesting that it wasn't appealed. Exactly. And it wasn't briefed. And so a lot of these issues that were appealed really shouldn't be before the court. You could remand and let the district court clarify that. So the key then, and I will ask your opponent obviously on his rebuttal, but the key to you is we should decide whether or not the sanctions order was proper under the appropriate standard. Yes, Your Honor. Okay. And on that issue, at the outset of the mediation, it was all related to this mediation process. We had filed a motion to dismiss for lack of subject matter jurisdiction. The court didn't address it, sent us to mediation, and it was a six-month mediation process. My client, out of state, flew in three times for different mediation sessions. We filed a seven-page single-space letter to the mediator explaining the case. We produced hundreds of pages of documents which were requested by the other side, and we acted in good faith to do that. The mediator, my client, acted in good faith and presented a PowerPoint presentation to the mediator and to the other parties about why they should never have to pay any money in this case. We had a strong threshold issue, which was lack of subject matter jurisdiction. We felt like we didn't need to pay money to settle the case when there was no subject matter jurisdiction in the first place. And there are cases that say if there's a strong threshold issue, then it's not unreasonable for a party to take a no-pay position at mediation. Yet at the very last mediation session, which really got under the skin of the mediator, the mediator, for the first time, changed his position. He was trying to position the parties to a mutual walk-away. And instead, at the last mediation session, he pressured our client to pay money. Are you asking us to decide as a matter of fact that there was not bad faith and there was good faith, or are you asking us to decide as a matter of law the bankruptcy judge applied the wrong standard? Well, we're asking you to decide that the judge applied the wrong standard because there are cases. What was the wrongness of his standard? Where exactly did he go wrong? Where he went wrong was in talking about the issue in the Reynolds case that I cited in my brief, for example. That was a Wells Fargo bank case. Wells Fargo came into the mediation with a position that it was not going to pay money to settle, and it maintained that position throughout the mediation. The court on appeal held that there were strong-arm tactics to try to get that bank to revisit its position when it had a strong threshold position in the first place. Same here. There was a strong threshold argument that there was no subject matter jurisdiction, and that ultimately was borne out after this six-month process which the bankruptcy court forced us into. And then the bankruptcy court, because of issues related to the mediation, and the mediator got mad at the last mediation session and assessed $30,000 against my client. And we think that he applied the wrong standard. If you look at the Reynolds case, which we've cited in our brief. You want to reverse that? Yes, Your Honor. Thank you. That's what the case is about, is the $30,000. Your Honor, I'd like to get back to your first point. If they didn't appeal the order dismissing the cross claims, it would have been raised judicata. They had to do that appeal. There was no question, because that order would have become a final order once the case was dismissed. They didn't have a choice. So that thing was a live issue. I just don't know what more to say about it. In terms of the assessment of the sanctions, the record is replete with instances and reasons why there were sanctions. First of all, the mediator didn't assess any sanctions. The mediator is a formal federal magistrate from the Western District of Kentucky. He said he'd been involved in mediations for 20 years, that this was the worst conduct he'd ever seen, and he recommended that the sanctions. What was the conduct that was so terrible? How about showing up late three hours to a mediation? Then when you get there, you say, I don't want to even begin the mediation until I have six hours to consult with my lawyers. How about the fact that during that mediation process, they served a complaint of claims that they didn't even own or were not allowed to assert before a principals' meeting in Louisville? So they were unprepared. They showed up late. The lawyers showed up late. And they showed disrespect for the mediation process. Did the bankruptcy judge impose sanctions on the basis of other acts that were not immediately before the bankruptcy judge? No. If you read the sanctions order, it's solely under Federal Rule 16-F. Forbid faith conduct during the mediation. He ordered the parties to mediate in good faith, and he found, and there's no record to dispute his findings, and they've admitted to the district court on the record. There is no record to dispute those facts. There's no basis to call them clearly erroneous. Because it all happened before the mediator and in connection with the mediator? There was no transcript or anything. That's correct, but the mediator filed a report. When we saw the report and he suggested they be sanctioned, we filed a motion for sanctions for $76,000. We don't have the record that would either support or not support the conduct. We don't know officially what the conduct was. Yes, we do, because the judge in his I don't know how many page decision, he laid out all the reasons why he was going to impose sanctions. And in connection with that, he asked for no transcript and nothing to back him up about that. That's what he says the facts are, but there is no record in support of that one way or another. The mediator's report to the court. He was required to file a report, and then the judge And the amount of $30,000 in sanctions is to be paid to whom? Paid to us for the expenses we incurred in doing the mediation that they never engaged in in good faith. So part of it was the mediator's fee.  So the judge didn't make formal findings in connection with the imposition of the sanctions? He didn't take evidence, but there are findings. There's an order of the court laying out the reasons for the sanctions. And at the end of the process, before he even decided, then he dismissed the case, and he said, well, now I want briefing on whether I have jurisdiction to enter the order. We briefed that issue. He relied on the Supreme Court and said, yes, I have jurisdiction. If anybody wants to have a hearing before I enter my ruling on the sanctions motion, step forward and be his. The parties, precisely the parties to the mediation. They were THC, Kentucky Coal Venture. Not the trustee. Correct. The trustee was out of the case. Correct. Well, she had no economic interest in the case. Bankruptcy estate was out of the case. Correct. The outcome of the case could not affect the estate in bankruptcy. That's correct. Part of the reason for the imposition of sanctions was that your opponent's counsel or representative arrived at the mediation without full settlement authority, I think it said. And that sounds like they were going to be forced to settle whether they wanted to or not. Was their order requiring them to have full settlement authority in connection with the mediation? Yes, there was, Your Honor. And what was that based on? What does full settlement authority mean? It means that when you go to the mediation, you don't have to pick up the phone and get authority from other shareholders or other interest holders to settle the case. He did not have that authority. Well, why was that an appropriate order? That sounds like you could make somebody settle whether there's good reason to settle or whether they want to or not. No, I don't think so at all. It just said, come to the mediation with authority to settle. It doesn't say you must settle. Nobody ever said they had to settle. That's not in the record. But why can't you have the ability to check back and consult with your client? I just don't understand why that's a reasonable order. It was the order that was entered for both parties, and we showed up with full settlement authority. But what was the explanation for entering such an order by the judge who entered the order? That parties would have to come there with full settlement authority. That sounds like they couldn't get back and obtain approval from the client. Your Honor, that was the order of the court. We didn't ask to go to mediation. We were ordered to mediation. Both parties were. By the bankruptcy court? Correct. What power does the bankruptcy court have to force mediation? The ability to control one's docket, I think Rule 16. And can just tell parties? If a party says, Your Honor, we just want a ruling, we don't want any mediation. Nobody said that. In fact, they got up at the hearing because I was there, and they said, We welcome Mr. Gamble. We welcome the mediator. We think that this is a good case to go to mediation. Was it to mediate in a rising out of the case in which there's no jurisdiction? Correct. So you're mediating a case that we now agree that there was no jurisdiction in? We were mediating before the case was dismissed, long before the case was dismissed, a year before. But the dismissal was based on the fact that at that time, the court, which had ordered mediation, had no jurisdiction. That's correct. Okay. So if I could just take us back to the beginning. You want us to affirm the order of sanctions? Absolutely. Is there anything else that you want us to do? We want you to reverse the district courts, reversing the bankruptcy courts dismissal of those cross claims. We want that order reversed for all the reasons set forth in our brief. And how about if, I'm just talking as possibilities, what if we said the bankruptcy court held and the district court held that there was no subject matter jurisdiction, and therefore any subsequent orders are beyond the power of the district court, except for the sanctions matter? I would disagree with that. So you . . . I think when they dismissed the cross claims, it was interlocutory, it became a final order, there was jurisdiction until the court later said there was not. But at the time of the events in question, when they blew the deadline to file the record designation, that was a live issue. And it's still a live issue. The district court's order is now a final order. That's why we appealed it here. So if the case went back, would the court have jurisdiction? Yeah, we would want it to go back saying your order, reversing the bankruptcy judges, reversing the cross claims, is reversed. That order is now a final order and it will remain a final order forever. Suppose we agreed with what the district court did on the substance. As to the cross claims dismissal? Yeah. Okay, then the case is over. The case is over because of subject matter jurisdiction. Correct. It'll be over either way. If you reverse them, it's still over. So isn't this an advisory opinion that we would be issuing? No, it is not. Because of your theory that it's interlocutory when the issue goes forward. It was an interlocutory order. It became a final order and then it's still a final order. I believe the court does have jurisdiction and we want that order to remain in place. Well, if the court has jurisdiction, then the cross claims would go forward, right? No, they would not. They were dismissed. On other grounds. Correct, for failure to state a claim. It would have raised judicata effect and it would get rid of some state court litigation pending in Pike Circuit Court. Well, claiming that the court has got jurisdiction, even though you didn't appeal to that, you're still claiming... It had it at the time it entered the order and nothing's changed from that. But they should have been dismissed not for failure to state a claim, but for lack of subject matter jurisdiction. I'm not the one. They're the ones that brought the claims and said this court has jurisdiction to adjudicate this claim. That was their argument to the bankruptcy court. Normally with subject matter jurisdiction, a court has an independent duty to decide whether there is subject matter jurisdiction. Maybe this is a misnomer that this is not a subject matter jurisdiction situation, but... At the time the claims were asserted, there was subject matter jurisdiction. And the reason why subject matter jurisdiction disappeared is because the trustee... Signed 100% of the claims. And what date did that assignment occur? September or September of 2009. September of 2009. Okay. We appreciate it very much. I think that's it. It might have been 10, but it's in our brief. It's laid out. Okay. We have two minutes by your opponent left. I won't need to take two minutes. I just want to address the sanctions issue. The court didn't have subject matter jurisdiction. They ordered the parties to mediation, which became a six-month mediation process with the mediator being paid over $20,000. When did subject matter jurisdiction disappear? Subject matter jurisdiction disappeared from the outset when they filed their amended complaint. That's what the district court held. When they filed their amended complaint and took all those claims away from the trustee, the case was no longer related to the bankruptcy case, and therefore there was no jurisdiction. That's what the district court held. The amended complaint, I'm sorry that I'm slow on this, but the amended complaint was the one that said it's not the trustee asserting these claims. The trustee has assigned the interest to THC. That's right. What happened was that originally the adversary proceeding was brought by the trustee against his claim. They settled, and they reversed situations. They became the plaintiff at that point against us, and it was all state law claims, and that was the amended complaint. When that happened, the court lost jurisdiction. What date? I can look it up, but if you know what date was the amended complaint filed? It was in 2010. 2010. And the mediation didn't occur until 2011. And we had already filed our motion to dismiss. You're sort of saying that the sanctions are like the earlier rulings, that once it became clear that there was no jurisdiction in the case for the court to act, that everything that was done during the period it had no jurisdiction falls? Right. Is that your basic position? The court should have ruled on that motion to dismiss after we filed it before they sent us to mediation because we had raised the issue, and it was a strong threshold issue. But the question then for us is whether these sanctions are collateral orders that should be adjudicated like a lawyer gets held in contempt of court for something that happened in a case where the court otherwise had no jurisdiction. Same kind of problem. Well, except that the district court cited two cases for ancillary jurisdiction for that. But in those two cases, the sanctions were awarded before the court ever decided that it didn't have jurisdiction. Yes. We distinguish that here because the court had already dismissed the case for a lack of subject matter jurisdiction before it entered the sanctions order. So there were no other proceedings to manage in an orderly fashion. Thank you, Your Honor. Thank you both for your argument. The case will be submitted. Would the clerk call any remaining cases?